IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13MC138-RJC-DSC

| | |
|---|---|
| IN RE : ALL ASSETS RELATED TO ) <br> FABIAN SPARROW AND MARIA ) <br> CAMILA ALEMAN ARAOZ AS ) <br> ATTORNEY-IN-FACT FOR FABIAN ) <br> SPARROW. ) | **ORDER MODIFYING** <br> **RESTRAINING ORDER** |

THIS MATTER is before the Court on the Government's Motion for Modification of Restraining Order (document #7). Fabian Sparrow has not responded to the Motion in the time allowed for responses to be filed. For good cause, the Court will GRANT the Motion.

THE COURT FINDS that the following record supports granting the Motion:

On August 23, 2013, on Application (Doc. 3) of the United States, this Court issued the Restraining Order, restraining withdrawals or transfers of assets held in the name of, by, on behalf of, or for the benefit of Fabian Sparrow or Maria Camila Aleman Araoz as attorney-in-fact for Fabian Sparrow. The Government had requested issuance of the Restraining Order following an investigation of Sparrow's foreign travel and asset transfers around the time of plea negotiations.

On June 6, 2014, on the day of trial on charges in a Fourth Superseding Indictment (Case 5:13CR22), Sparrow pled guilty to conspiracy as charged in Count One. Although the Government represents that disputes remain between Sparrow and the Government about the scope of Sparrow's criminal activity, the charges are generally related to Sparrow's participation in a conspiracy to execute a fraud scheme related to the sales and financing of manufactured and modular homes. The charges that formed the basis of the plea are generally the same as the allegations that formed the basis for the Restraining Order. Sparrow is still awaiting sentencing

and the Government represents that it anticipates requesting issuance of a restitution order, as well as a forfeiture money judgment at sentencing.

The Government represents that, while the Restraining Order has been pending, one of Sparrow's former business partners, James Lamm, has contacted the United States about the Restraining Order. Lamm advises through counsel that he was a majority shareholder in Dream Land Homes, Inc. ("Dream Land") and that Sparrow previously owned a forty-nine per cent interest in Dream Land. Lamm's counsel advises that, during the pendency of this case, Lamm has followed appropriate procedures under state law to dissolve Dream Land, including providing notice to Sparrow of the proposed dissolution—notice that was not met with a response from Sparrow. Lamm now wishes to make a final distribution of $2,996.48 in cash for Sparrow's share in the dissolution of Dream Land and then carry on the business of Dream Land without Sparrow. Lamm advises that he wishes to pay the $2,996.48 to the United States Marshals Service. However, Lamm acknowledges that the Restraining Order affects his ability to make the distribution, as well as continue the business of Dream Land.

The Government represents that Lamm requests modification of the Restraining Order to allow him to continue the business of Dream Land unfettered by the Restraining Order and to pay the $2,996.48 to the Marshals. The Government also asserts that there is good cause for the Marshals to hold the $2,996.48 pending further order of the Court.

Based upon the foregoing, IT IS HEREBY ORDERED that the Restraining Order shall remain in effect but shall be modified to allow Lamm to continue the business of Dream Land unfettered by the Restraining Order and in compliance with state law, provided, however, that Lamm or his counsel shall immediately tender $2,996.48 to the United States Marshals Service

and that the Marshals shall accept deposit of the $2,996.48 and hold the $2,996.48 pending further order of the Court in a related forfeiture or restitution action or at sentencing, which is currently set for December 1, 2015.

**SO ORDERED**.   Signed: October 26, 2015

David S. Cayer
United States Magistrate Judge